Nash, C. J.
 

 His Honor, who tried the cause below, would have been guilty of gross error if he had charged the jury otherwise than as he did. The plaintiff contended that the agreement between the parties as to the endorsed payment, was divisible into two contracts ; one executed, the other executo-ry- — -that as soon as the alteration of the endorsement was made by the plaintiff it was final, that is, executed and bound both parties; but as to the restoration of the original endorsement it was executory and had never been done. There is no foundation in law for any such distinction between the parts of the agreement: the whole was one transaction — one agreement: upon a settlement of accounts between the plaintiff and defendant it was agreed between them, that the former owed the latter the sum of $43.05, and that this sum should be endorsed on the note, now in controversy, as a payment to that amount; subsequently the plaintiff, alleging that there was an error in the settlement, and that the credit ought to be $4.05, the defendant agreed the plaintiff should alter the endorsement to the latter sum, upon the express condition, that if he did not show' him that the mistake as alleged did exist, the endorsement should stand as it was; to this the plaintiff assented. Without pretending so far as is disclosed by the case that he ever showed to the defendant that there w'as any error in the settlement, 11% brought his action: nor did he on the trial of
 
 *140
 
 the case then show that any error did exist. The defendant is entitled to a credit on the note to the extent of the sum originally endorsed.
 

 Allowing the payment of $43.05, there would still be a small sum due the plaintiff: as, however, the jury gave a general verdict for the defendant, and it forms no part of the plaintiff’s bill of exceptions, we presume there was evidence of other payments discharging the note, and that the only question intended to be brought before-us was as to the endorsed payment.
 

 Per Curiam. Judgment affirmed.